UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BERNARD J. PETTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1365 SEB-TAB |
| vs. | ) | |
| | ) | |
| R.R. DONNELLEY AND SONS CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(Docket Nos. 39, 57, & 64)

On July 11, 2008, Magistrate Judge Baker filed his Report and Recommendation in support of a denial of Defendant's Motion for Summary Judgment on Plaintiff's complaint that he had been subjected to a hostile work environment and retaliation.

We address first the issue of whether Plaintiff sufficiently advanced a retaliation claim and, if so, whether Defendant's Motion was sufficient to address that claim. We hold that Plaintiff has preserved this claim, but barely, by including the preliminary references to it in his Complaint and by Plaintiff's responses to Defense counsel's questions at his deposition about the basis for his retaliation claim. It was incumbent upon Defendant to raise this claim in its Motion and to argue its insufficiency as a matter of law, and, having failed to do so, it cannot be included in the Court's ruling by inference (or as the legendary Chicago Mayor Daily of yore used to say, by "insinuendo.") Defendant's Objections seek to have the Court overrule the Magistrate Judge's determination that

1

the only part of Plaintiff's claim before the Court for a ruling was the hostile environment allegation, maintaining that because Plaintiff never developed the retaliation theory beyond its merest of brief mentions in the Complaint,  Defendant was relieved of having to include any discussion of it as well in the motion for summary judgment.  That's not how it works, though, under established Rule 56, F.R.Civ.P., which provides in applicable part:

> **(b) By a Defending Party.**  A party against whom relief is sought may move at any time ... for summary judgment on all or part of the claim.

The onus was on the Defendant to incorporate in its Motion for Summary Judgment whatever parts of Plaintiff's claim(s) it sought to have dismissed.  Clearly, though admittedly feebly, Plaintiff had included a retaliation claim in his Complaint and, when asked about that claim in his deposition, provided testimony that he believed substantiated that claim.  The fact that the retaliation claim has never been developed beyond this brief mentioning by Plaintiff does not let Defendant off the procedural hook.  Having failed to do include any arguments in favor of dismissal of the retaliation claim in its Motion for Summary Judgment converted that Motion into one for partial summary judgment addressing only the hostile environment issues.  Thus, Defendant's objection on this ground to the Magistrate Judge's Report and Recommendation is overruled and the retaliation claim, thin though it may be, remains alive for the time being at least.

Regarding the more substantive objections interposed by Defendant to the Magistrate Judge's Report, the Court concludes that they also lack merit and cannot succeed.  The Magistrate Judge determined that sufficient facts remain in controversy between the parties so as to preclude summary judgment.  Defendant objects on the grounds that no basis exists for Defendant's liability on Plaintiff's harassment claims because Plaintiff never lodged any complaint based on race with

Supervisor Hopkins, which would have invoked Defendant's anti-harassment complaint procedures. In addition, Defendant objects to the Magistrate Judge's inferring drawn from Supervisor Hopkins's good faith effort to resolve a workplace conflict involving Plaintiff and his co-worker (Swick) that Defendant was thereby on notice that the alleged harassment by Cain towards Plaintiff was also likely race-based. We address these objections below.

## DISCUSSION

The uncontroverted facts found by the Magistrate Judge establish that Cain, ordinarily a co-worker of Plaintiff and not his supervisor, blatantly, frequently and intentionally engaged in boorish, obnoxious, intimidating and physically injurious behavior towards Plaintiff. Another co-worker of Plaintiff, one Swick, similarly targeted Plaintiff but engaged in explicitly race-based behavior towards him, including the use of racially derogatory terms and intimidation. Plaintiff reported Swick's conduct to Supervisor Hopkins, describing it as race-based (not that it required explanation). In response to Plaintiff's complaint, Hopkins intervened and admonished Swick to stop the offensive conduct, after which, apparently, Swick's offensive conduct ended. Plaintiff also complained to Hopkins about Cain's threatening and obnoxious actions towards him but did not explicitly characterize those actions as race-based; it's not clear whether Plaintiff actually perceived them to be race-based at the time. To reduce the friction between Plaintiff and Cain, Hopkins took supervisory responsibility and transferred Plaintiff to a "floater" position in which he no longer was required to work directly with Cain. (The evidence reflects that, from time to time, when Hopkins was on leave from his supervisory duties, Cain became the acting supervisor and in that capacity directly oversaw Plaintiff's work..)

Plaintiff contends that Cain was present when Swick uttered his racially charged epithets and

Cain egged Swick on and contributed to the hostile environment through smirks and other such supportive gestures. Plaintiff has also adduced evidence to establish that it was widely known in the plant that Cain as well as Swick harbored a racially discriminatory animous towards Plaintiff and that Cain also openly used racially charged language making no effort to hide the fact of his dislike for Plaintiff. Plaintiff also testified that he had told Hopkins of the Cain's presence and apparent support for Swick's hateful outbursts. Finally, Defendant knew that Plaintiff was one of only two African-American employees in the department, which situation alone should have put Defendant on notice that actions targeting Plaintiff perpetrated by both Swick and Cain were more likely than not race based..

Defendant's underlying rationale in its objections is that no matter what was going on by or between Cain and Plaintiff, the employer had no knowledge or actual notice that their conduct was race-based because Plaintiff, himself, never had characterized the conduct as such or reported it as such to any Supervisor. Thus, Defendant argues, for the Magistrate Judge to conclude simply on the basis of Hopkins's knowledge of and subsequent intervention regarding Swick's misbehavior towards Plaintiff that Hopkins/Donnelleys knew or should have known or assumed that Cain's actions were also racially motivated was error. Further, Defendant maintains that the Magistrate Judge's conclusion that Hopkins should have concluded based on the three non-racial complaints made by Plaintiff about Cain that they were actually race-based complaints, in light of Swick's conduct, was also error.

The Magistrate Judge did not err. The Magistrate Judge correctly applying the teachings of the Supreme Court requiring the trial court to undertake an Ellerth/Faragher analysis (Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807

4

(1998)), determined that ". . . Defendant has the burden to establish as a matter of law that it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities Defendant provided him or to avoid harm otherwise." (MJ's R&R, p. 14)

The Magistrate Judge determined that, even though Defendant had an anti-harassment policy in place and Plaintiff apparently understood it, Defendant did not necessarily exercise reasonable care to prevent and correct promptly any harassing behavior based on race because Hopkins's responses to Plaintiff's concerns "were arguably insufficient to correct and prevent the harassing behavior Plaintiff alleges: Cain was never reprimanded; other employees involved in the alleged harassing behavior were not addressed at all; Cain remained in leadership and even supervisory positions; and Plaintiff was told to resolve these issues with his coworkers." (Page 15, MJ's R&R)

The Magistrate Judge's Report and Recommendation concluded as follows:

> Drawing all facts and inferences in favor (of) Plaintiff, Defendant has failed to show as a matter of law that it exercised reasonable care to prevent and correct promptly the harassing behavior reported by Plaintiff, and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant. Therefore, given Plaintiff's version of the facts, a jury could find in Plaintiff's favor. Accordingly, summary judgment is not appropriate.

(MJ's R&R, p. 16)

We find no error in these findings and conclusions, concurring in the judgment that there are sufficient material facts in controversy to withstand summary judgment on the hostile environment claim and to require a jury to resolve them. Accordingly, the Court overrules Defendant's Objections to the Magistrate Judge's Report and Recommendation and adopts the Recommendation (Docket No. 57) as submitted. Defendant's Motion for Summary Judgment (Docket No. 39) is

DENIED.[1]

The trial of this cause is set for Monday, January 12, 2009, at 9:30 a.m. in Room 216 of the United States Courthouse. The final pretrial conference is set for Monday, January 5, 2009, at 2:00 p.m. in Room 210 of the United States Courthouse.

IT IS SO ORDERED.

Date:  09/17/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sara Jeanine Kagay
VEDDER PRICE KAUFMAN &
KAMMHOLZ PC
skagay@vedderprice.com

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Richard H. Schnadig
VEDDER PRICE, P.C.
rschnadig@vedderprice.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com

Heather L. Wilson
LOCKE REYNOLDS LLP
hwilson@locke.com

Court Reporter

---

[1] Also pending before the Court is Defendant's Motion for Leave to File a Reply Brief in support of its Objection to the Magistrate Judge's Report and Recommendation. The Court has considered Defendant's reply brief, but since no leave is required under 28 U.S.C. § 636(b)(1)(C), the Federal Rules of Civil Procedure, or the Local Rules of this Court to file such a reply brief, Defendant's Motion for Leave to File Reply Brief (Docket No. 64) is DENIED AS MOOT.